UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CARLTON VOSE, <br>        Plaintiff, <br><br> v. <br><br> PAUL A. SUTTELL, <br>        Defendants. | No. 1:23-cv-00039-MSM-PAS |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

## I. INTRODUCTION

For more than a decade, plaintiff Carlton Vose has been warring against the Rhode Island justice system to vindicate his theory that he is the victim of a conspiracy. This alleged conspiracy involves the justices of the Rhode Island Supreme Court, the Rhode Island Attorney General, and, from time-to-time other officials.[1] He asserts that "they" have gone so far as to have sent a team of armed assassins after

---

[1] In this action, which seeks declaratory relief only, he has sued the five current justices (while acknowledging that two played no role in any injuries allegedly suffered by him), the Attorney General, and the Chief Judge of the Rhode Island District Court.

1

him and were responsible for kidnapping and killing his mother.[2]  (Amended Complaint, hereinafter "AC," ECF No. 23 ¶¶ 39-41; ECF No. 27 at 5.)

Mr. Vose is an attorney who has been trying unsuccessfully since 2010 to gain admission to the Rhode Island Bar.  He is also, as of this moment, a convicted felon, having been prosecuted and convicted for neglecting his elderly mother.  *State v. Vose*, 287 A.3d 997, 1008 (R.I. 2023).  That matter is currently still pending a final state court proceeding, as a warrant issued when Mr Vose failed to appear in state court.  *See* R.I. Super. Ct. docket P2-2016-2326A.  His allegations, which are many,[3] are generally related to three situations.  First, he maintains that the Rules for Admission to the Rhode Island Bar violate due process; second, he complains that he has been stymied in his attempts to bring a private criminal prosecution against various people involved in criminal prosecutions against him; and third, he challenges as unfair and unconstitutional the state-court convictions for neglect.  He has litigated these grievances in both state and federal court, under various rubrics.[4]

---

[2] The "kidnapping and killing" refer to the alleged involuntary transfer of Mr. Vose's mother to a nursing facility and what he claims was her ultimate death from deprivation of medication and nutrition while there.  (ECF No. 23 ¶ 40.)

[3] In this action alone, Mr. Vose has filed a 49-page Amended Complaint (ECF No. 23), 153 pages of Memoranda (ECF Nos. 20, 21, 24), and 49 exhibits (ECF Nos. 20-1 through 20-25, 21-1 through 21-24), most of which are not appropriately before the Court on a Motion to Dismiss (*e.g.*, police reports and emails).

[4] Mr. Vose filed an earlier action in this Court suing the Rhode Island Character and Fitness Committee and its members, as well as the Attorney General and his Deputy, the City of Pawtucket, a number of Pawtucket police officers, and several individuals involved with the Committee.  *See Vose v. Kilmartin*, No. 1: 19-cv-409-MSM-PAS.  After ten motions extending time for service, that action was dismissed on July 10, 2023, for want of prosecution.  It had raised similar claims to this action.

2

The current action, the latest filed by him of which this Court is aware, names the five justices, the Attorney General, and the Chief Judge of the Rhode Island District Court, in an action seeking only declaratory relief. (ECF No. 23.) In six counts, he alleges various wrongs that, in his opinion, should result in declarations that the Bar admission Rules violate due process, that remove the obstacles to his private prosecution of police officers, that void his convictions for criminal neglect, and that disqualify three justices of the Supreme Court from ruling on any case in which he is involved. In addition, because he contends, he has been deprived of a state forum for pressing his conspiracy claims, he prays this Court to investigate these defendants for criminal racketeering conduct, for kidnapping and killing his mother, and for criminal deprivation of his civil rights; he requests this Court to both initiate disciplinary proceedings against the defendants and refer their conduct to the Federal Bureau of Investigation. (ECF No. 23 ¶¶ 120-24.)

---

In connection with his challenge to his convictions for neglect of an elderly person, Mr. Vose petitioned for habeas corpus pursuant to 28 U.S.C. § 2254, *Vose v. Neronha*, No. 1:23-cv-00084-MSM-PAS. That petition was also dismissed. (ECF No. 14.) He had filed a civil action for damages against Pawtucket and many of its police officers for alleged constitutional violations stemming from their prosecution of him for neglect. *See Vose v. Pawtucket*, No. 1:18-cv-620-JJM-PAS. That action was closed on a Judgment on the Pleadings in favor of the defendants. (ECF Nos. 47, 48.)

In state court, beyond pursuing his Bar application, and a state post-conviction relief challenge to his conviction for elder neglect, Mr. Vose filed what was apparently an independent action to disqualify the members of the Supreme Court from participating in any of the proceedings having to do with his Bar admission and criminal conviction. *See In re Application of Carlton Vose*, No. SU-13-0354-M.P., *denied* Oct. 28, 2022.

## II.  PROCEDURAL POSTURE

Mr. Vose claims federal question jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1983, pursuing relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.  The case is before the Court on the Motion to Dismiss filed by all defendants. (ECF No. 26.)  Although the parties have filed voluminous papers, each alleging facts outside the Complaint,[5] the Court at this juncture considers only the Complaint to determine whether its well-pleaded facts, given credence to and drawing all reasonable inferences in favor of the plaintiff, state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The Complaint must plead facts that support the allegations:  facts that show "more than a sheer possibility" that a defendant has acted unlawfully.  *Id.*

---

[5]. The Court declines to consider any unpleaded assertions of fact contained in Memoranda.  The defendants, who have filed an affidavit of Chief Judge Jeanne LaFazia contesting the accuracy of the plaintiff's allegations, suggest that the Court could consider the contents of the affidavit and treat their motion as one for summary judgment.  (ECF No. 26 at 2 n.1.)  The Court declines that invitation, as it is dismissing the Complaint for many reasons of inadequacy and is reluctant unless necessary to delve into the truth or falsity of the plaintiff's accusations.  The Court has disregarded the defendants' reliance on the Rhode Island Supreme Court's description of and conclusions about Mr. Vose's character and fitness.  (ECF No. 26 at 2-4.)

## III.  DISCUSSION

### A.  Fed. R. Civ. P. 8(a)(2):  Short and Plain Statement

The defendants contend that the Amended Complaint should be dismissed in its entirety because it does not represent a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Certainly Mr. Vose's Complaint is not short.  He has offered to shorten his Complaint in a new filing, but he does not want to be vulnerable to an objection that he has failed to include sufficient facts.  (ECF No. 27 at 17.)

The Court does find that Count III fails to sufficiently explain its basis in violation of Rule 8.  It is denominated a Fourth Amendment claim for unreasonable seizure, but the facts alleged by Mr. Vose do not disclose the circumstances of any seizure or imprisonment, or who may have committed a Fourth Amendment violation, or for what reason.  (ECF No. 23 ¶¶ 102-106.)  Count III is therefore DISMISSED.

The Court declines to dismiss the remainder of the Complaint based on Rule 8. While the Amended Complaint is not short, Mr. Vose sincerely believes the drawn-out allegations are relevant to his legal claims and has also attempted to carefully craft his pleadings.  While one could call the Amended Complaint meandering and full of superfluous information instead of "plain," Mr. Vose has made perfectly clear the situation as he perceives it, except for Count III.  The Court understands Mr. Vose's positions, and, from their Objection, it is obvious the defendants understand as well.

The problem, as explained below, is not how Mr. Vose presents his allegations; it is that his allegations do not entitle him to relief. In reaching this conclusion, the Court has extended some latitude to Mr. Vose as a *pro se* filer. On the other hand, he was trained as an attorney, he has practiced law, and the essence of his grievance is that he is qualified and competent to practice law in Rhode Island. For that reason, the Court holds him to the basic rules of procedure and standards for the sufficiency of Complaints.

### B. Rules of Admission to the Bar

Mr. Vose applied to be admitted to the Rhode Island Bar in 2010.[6] It is undisputed that he has been licensed to practice law in Massachusetts (ECF No. 23 at 3). He passed the July 2010 Bar examination and met with the Committee on Character and Fitness ("Committee") on five occasions between April 7, 2011, and November 16, 2021. In June 2013, the Committee recommended to the Supreme Court that the application be denied. *In re Vose*, 93 A.3d 33, 34 (R.I. 2014). The Committee made findings of fact.[7] The Supreme Court then issued an Order, directing Mr. Vose to show cause why the Committee's recommendation should not

---

[6] The history concerning Mr. Vose's unsuccessful application for Bar admission is taken primarily from the Amended Complaint, supplemented by those undisputed facts recounted in the Supreme Court's denial of his application, *In re Vose*, 93 A.3d 33 (R.I. 2014). The Supreme Court's judgment about his fitness to practice law plays no part in this decision.

[7] The Court notes that the Committee's Recommendation included ten findings of fact, but it does not rely on the content of those findings. *See In re Vose*, 93 A.3d at 37.

be adopted. Mr. Vose submitted written arguments and apparently appeared in person.[8] On June 20, 2014, the Committee's recommendation was adopted and Mr. Vose's petition for admission was denied. *Id.* at 40.

Mr. Vose is not challenging the 2014 denial of his admission to the Bar. (ECF No. 23 at 9) ("This is a facial challenge of current rules, which have substantially changed since the Plaintiff application to the bar, not an as-applied challenge of the Plaintiff's prior application to the bar.") His complaint is purely forward-looking: he "intends" to apply again, and he believes the current Rules are unfair and in violation of the Fourteenth Amendment's guarantee of due process because they deny the post-recommendation hearing that he believes the old Rules gave him. (ECF No. 23 ¶ 12.)[9] He accuses the 2014 Supreme Court justices of changing the rules "with the intent to save the careers of their friends and coworkers, and to cover up their professional and criminal misconduct." (ECF No. 23 ¶ 23.)

---

[8] The per curiam opinion refers to an "oral submission" and, as Mr. Vose appeared *pro se* before the Supreme Court, that submission would have been made personally by him and not through counsel. *Id.* at 34.

[9] If Mr. Vose were challenging the earlier denial – or if winning his current claim would require this Court to reject the logic or result of the Supreme Court's denial – this action would be barred by the *Rooker-Feldman* doctrine that forbids a federal court from acting as an appellate court reviewing a state court's final judgment. *Lawrence v. Welch*, 531 F.3d 364, 371-72 (6th Cir. 2008); *Witzke v Idaho State Bar*, 643 F. Supp. 3d 1093, 1113-15 (D. Idaho 2022) (both applying *Rooker-Feldman* to abstain from reviewing facial challenge to bar admission rules when the plaintiff had been denied admission previously).

The Court finds persuasive the defendants' argument that Mr. Vose lacks standing to bring this action. Standing speaks to the case-or-controversy requirement of Article III of the United States Constitution, and it must be established as a precondition to the granting of any remedy including declaratory judgment. *California v. Texas,* ___ U.S. ___, 141 S. Ct. 2104, 2113 (2021). Standing, which the plaintiff must demonstrate, has three elements: (1) an injury in fact, that (2) is traceable to the defendant's conduct, and (3) is redressable by judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "The constitutional core of standing requires that a plaintiff make a tripartite showing: she must demonstrate that she has suffered an injury in fact, that her injury is fairly traceable to the disputed conduct, and that the relief sought promises to redress the injury sustained." *Osediacz v. City of Cranston*, 414 F.3d 136, 139 (1st Cir. 2005).

An "injury in fact" means a concrete and particularized invasion of a legally protected interest. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). It must exist. *Spokeo*, 578 U.S. at 340. A controversy is not justiciable if based on contingent future injuries that have not yet arisen. *Texas v. United States*, 523 U.S. 296, 300 (1998). Fear of a future injury will not satisfy the standing requirement if it is speculative. *Reddy v. Foster*, 845 F.3d 493, 500 (1st Cir. 2017). "To satisfy Article III, the injury "must be 'concrete and particularized' and 'actual or imminent, not 'conjectural' or 'hypothetical." *Id.* (quoting *Lujan*, 504 U.S. at 560).

Mr. Vose is many steps away from a concrete injury. According to his Complaint, he has not re-applied for admission, he merely "intends" to, and states he

will not do so without a declaratory judgment from this Court that the Rules violate due process. (ECF No. 23 ¶ 9.) Mr. Vose alleges that he has passed the Rhode Island Bar examination (ECF No. 23 ¶ 9), and it is a fair inference that the last examination he took was in conjunction with his 2010 application. There is no indication in the Rules whether an examination that is more than a decade old suffices. He makes no allegation that the 2010 Bar Examination was a Uniform Bar Examination accepted under Rule 1B of the Rules of Admission, or that he has since taken a Uniform Bar Examination that qualifies for transfer. R.I. Sup. Ct. Art. II, Rules 1A and 1B. Even were he to seek transfer as an attorney admitted in Massachusetts, he would need to take a limited Rhode Island Bar Exam. R.I. Sup. Ct. Art. II, Rule 2.

The Rhode Island Character and Fitness Rules of which Mr. Vose complains do not foreclose a hearing with evidence and witnesses, notice of "charges," and an opportunity to appear – all the components of due process that Mr. Vose seeks. *See* R.I. Sup. Ct. Art. II, Rule 4. Nor do they preclude a post-recommendation hearing were the Board to recommend against admission. *Id.* To the contrary, in the event of a recommendation against admission, the Rules require a report setting forth the Committee's findings, "the facts upon which such recommendation is based and the reasons for rendering such recommendation." *Id.* The Rules then authorize, although they do not require, a Show Cause hearing before the Supreme Court.[10] R.I. Sup. Ct.

---

[10] Due process requirements may be satisfied by either the procedure undertaken by the Committee or that of a reviewing Court. *Willner v. Comm. on Character and Fitness*, 373 U.S. 96, 106 (1963) (denial of due process where no hearing was held "before *either* the Committee *or* the Appellate Division") (emphasis supplied).

9

Art. II, Rule 4(e). Nothing in the Rules prohibits a post-recommendation opportunity to contest the recommendation.

To reach the end-stage of an injury, Mr. Vose must assume that he will pass any portion of a bar examination he is required to take if the 2010 result is stale, that the Committee will again recommend denial, that he will be denied notice of any "charges" against him, and that he will be denied an adequate post-recommendation hearing. Only then would he be injured in the way he speculates. *Uberoi v. Labarga*, 769 Fed. Appx. 692, 697 (11th Cir. 2019) (petitioner lacked standing for facial challenge where she had not yet reapplied to take the bar and was therefore not subject to the rules that she was challenging).

The journey from now until the point when Mr. Vose suffers a concrete injury, if ever he does, is too long and filled with unknowns to satisfy the requirement of standing. Therefore, Count I is DISMISSED.

### C. The Criminal Prosecutions

Mr. Vose makes a series of allegations claiming misconduct on the part of seemingly everyone who participated in his prosecution and ultimate conviction for neglect of his elderly mother. Mr. Vose was prosecuted because police alleged that his mother was found wandering, not for the first time, the streets of Pawtucket, scantily clad and complaining at times that she was hungry and lost. *Vose*, 287 A.3d at 1000-01. Mr. Vose maintained that she suffered from dementia and often left the house, but that she was an adult capable of caring for herself and was not proven to have been in danger. *Id.* at 1004. A previously filed petition for habeas corpus, *Vose*

*v. Neronha,* No. 1:23-cv-00084-MSM-PAS, launched several legal challenges to the validity of the neglect convictions. In this action, the gist of his complaint is not technical challenges but what he claims is bias on the part of state court officials amounting to a conspiracy to illegally incarcerate him. In his eyes, the proceedings were at their inception, and continue to be, suspect.[11]

He alleges that the defendants, in order to find a charge for which to persecute him, fabricated his mother's condition to falsely portray her as neglected and blame that on him. Ultimately, he alleged, they murdered her. (ECF No. 23 ¶¶ 29-30.) Several other people who are not defendants are also accused of nefarious action involving his mother. *Id.* ¶¶ 32-42.

Mr. Vose's Complaint does not entitle him to relief. First, the accusations he makes against those responsible for decision-making are conclusory, without any factual support. The Complaint is full of wild conspiracy allegations. Second, the claim that the Supreme Court justices should not have participated in the appeal from the elder neglect conviction, with its requested remedy of disqualification, is now moot, as the Court issued a final decision in that matter already. *Vose*, 287 A.3d at 1008; *see also Ramirez v. Sanchez Ramos*, 438 F.3d 92, 100 (1st Cir. 2006) (action is moot "if subsequent events unfold in a manner that undermines any one of the three

---

[11] As noted by this Court in dismissing *Vose v. Neronha,* Mr. Vose apparently fled the jurisdiction before the final state court action entering the judgment of conviction after his appeal was denied; in this Court's opinion that rendered the habeas petition premature. *Vose v. Neronha,* No. 1:23-cv-0084-MSM-PAS (ECF No. 14 at 4.) Mr. Vose does not contest that he is currently in Florida and, indeed, files his memoranda with a Florida address. (ECF No. 27 at 69.)

11

pillars on which constitutional standing rests"). Mr. Vose now wants those justices disqualified from participating in a pending larceny prosecution (R.I. Super. Ct. docket, P2-2018-0354A) and, it seems, any future criminal proceedings. Even if the allegations were not wholly without factual support, this Court cannot interfere with pending state prosecutions without violating *Younger v. Harris,* 401 U.S. 37, 45 (1971). Third, while Mr. Vose frames his requests for remedy in declaratory relief terms, what he really seeks is an order vacating the elder-neglect convictions. This is not a proper proceeding in which to achieve that goal. A civil action that would undercut the validity of an outstanding state court conviction is barred by *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The proper proceeding is a timely petition for habeas corpus pursuant to 28 U.S.C. § 2254.

For these reasons, Count II is DISMISSED.

### D.  Private Prosecution Access to the Courts and Obstruction of Justice

The portion of Count III that alleges a Fourth Amendment violation has already been found wanting. *See supra* at Part III(A). The remainder of Count III and the entirety of Count IV consist of vague complaints having to do with Mr. Vose's apparent desire to pursue a private criminal prosecution against police officers involved in prosecutions of him, and Mr. Vose's attempt on a single occasion to file something in state court relating to that private prosecution. (ECF No. 23 ¶¶ 58, 60-61, 108, 110.) Count III claims that the Attorney General suffers from a conflict of interest that caused him to be biased in his handling of Mr. Vose's attempt to pursue a private criminal prosecution and has abused his position of public trust to cover up

12

misconduct of the police officer. The Attorney General in Rhode Island has the constitutional discretion to dismiss any private criminal prosecution, *Cronan ex rel. State v. Cronan*, 774 A.2d 866, 875 (R.I. 2001), and what Mr. Vose appears to want from this Court is a declaratory judgment that would invalidate defendant Neronha's dismissal of private fraud charges. (ECF No. 23 ¶ 64.) Count III fails to state a claim for relief and Mr. Vose identifies neither jurisdiction nor cause of action by which this Court can invalidate the Attorney General's exercise of his discretion to dismiss.

Mr. Vose also contends that in connection with this attempt at a private criminal prosecution, he was turned away from the Rhode Island District Court on a single occasion, by an unnamed judge with the approval of the Chief Judge. He generalizes this incident in his Complaint, describing it as approving (unnamed) "subordinate judges turning people away from the courthouse when they arrive, and . . . inviting them to come back some other day." *Id.* ¶ 110. He seeks a declaratory judgment that his rights were violated. Count IV fails to set forth a plausible claim for relief, which also implicates a denial of standing. There is nothing in the Complaint from which the Court could infer that there is a policy at play in the District Court which would imminently affect Mr. Vose on any other occasion, much less deprive him of access to the Courts.

Finally, Count IV seeks to prosecute a claim for obstruction of justice under 18 U.S.C. § 1503. There is no private cause of action for a violation of that provision. *Bedford v. Wall*, No. 1:05-cv-00111-WES, 2006 WL 2037462, at *2 (D.R.I. May 23, 2006), *adopted* June 22, 2006, at ECF No. 66.

Counts III and IV fail to set forth plausible claims for relief and are DISMISSED.

### E. 42 U.S.C. § 1983 claims

Count V seems to be an attempt to circumvent the judicial immunity that six of these defendants have and the prosecutorial immunity that the Attorney General has. *Zenon v. Guzman*, 924 F.3d 611, 616 (1st Cir. 2019) (judicial immunity); *Harrington v. Almy*, 977 F.2d 37, 40 (1st Cir. 1992) (prosecutorial immunity). Count V seeks a declaratory judgment that all these defendants violated Mr. Vose's civil rights under color of state law. Count V is simply a repackaging, asserting only conclusions of law, of Counts I through IV and is DISMISSED for the reasons stated above.

### G. Elder Neglect Convictions

Count VI requests that this Court "void" the criminal convictions entered in the elder neglect case. That is a remedy that may be pursued only by a writ of habeas corpus. Count VI is DISMISSED.

### H. Failure of Service

No service was made on defendants Justices Robinson, Goldberg, Lynch Prata, or Long. Summonses without proof of service are at ECF Nos. 8-11. Service was made only on defendants Suttell, Neronha, and LaFazia. (ECF Nos. 5-7.) In accordance with Fed. R. Civ. P. 4(m), those defendants who were not served in time are entitled to DISMISSAL on all counts.

### I. Other

Mr. Vose requests that the Court refer the defendants for investigation to the United States Attorney and to the Federal Bureau of Investigation, and that the Court initiate some sort of disciplinary proceedings against them (as well as former Rhode Island Supreme Court justices who were not named as defendants). The Court declines that request.

### IV. MOTIONS FOR EXTENSION AND STAY

Mr. Vose, on October 10, 2023, filed a Motion for Extension of Time and to Stay further proceedings, alleging that since May 2023 he has been deprived of electronic equipment and, therefore, any way of participating in the case as an electronic filer. (ECF Nos. 29, 30.) The defendants object, pointing out that Mr. Vose had, prior to that time, fully responded to their outstanding Motion to Dismiss. The Court agrees. There were no memoranda or other papers relative to the Motion to Dismiss that required – or even permitted – additional filings by Mr. Vose and, considering the Court's decision today, the Motions for Extension and Stay are DENIED as moot.

### V. CONCLUSION

The Amended Complaint is DISMISSED in its entirety.

IT IS SO ORDERED:

_[signature: Mary S. McElroy]_

Mary S. McElroy,
United States District Judge

Date: October 11, 2023